# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| **DARRELL WILLIAMS, JR.,** | * | |
| **Plaintiff** | * | |
| v | * | **Civil Action No. GJH-19-2865** |
| **DR. RIVERA,** | * | |
| **DR. A,** | | |
| **WELLPATH MEDICAL,** | * | |
| **Defendants** | * | |
| | *** | |

## MEMORANDUM OPINION

In response to this civil rights complaint filed by self-represented Plaintiff Darrell Williams, Jr., Defendants Dr. Rivera-Ramirez, Dr. Adiaconitei, and Wellpath Medical filed Motions to Dismiss the complaint for failure to state a claim. ECF 16 and 18. Plaintiff, who was incarcerated in an Anne Arundel County detention facility at the time he filed this complaint, has not opposed the motions and has not kept the Court apprised of his current address. *See* ECF 21 and 22 (mail returned as undeliverable). For the reasons that follow, the pending motions shall be GRANTED, and the amended complaint shall be DISMISSED.

Plaintiff's original complaint alleged that he was detained at the Anne Arundel County Detention Center in a single cell. ECF 1, pp. 2-3. He also indicated that he was not given medication from August 22, 2019, through an unmentioned date and that he had been a dialysis patient in the past but was told the only thing wrong with him is food. *Id.* Plaintiff was directed to file an amended complaint because the complaint failed to provide important facts such as the names of the individuals who were failing to treat his condition, the nature of his condition, and the name of the medication(s) that had been withheld. ECF 3.

Plaintiff's amended complaint states only that he intended to sue "every employee including Dr. Rivera[-Ramirez] and psychologist Dr. A[diaconitei]" because they failed to "properly dose" him with Seroquel, Xanax, Neurotin, and Howzian for his schizophrenia, bipolar disorder, chronic anxiety, agoraphobia, and post traumatic stress disorder (PTSD).  ECF 4.  The amended complaint does not include a request for relief, nor does it describe the injury suffered by Plaintiff or describe why the alleged failures are federal constitutional violations.  In short, the amended complaint adds no clarity to Plaintiff's claims.

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss.  *Id.* at 555.  Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations

in the complaint." *Id*. at 563.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . " Moreover, each "allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

This Court is not obliged to ferret through a complaint, searching for viable claims.  The amended complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised. *Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988).  Factors to consider in determining if a complaint fails to comply with Rule 8(a) include the length and complexity of the complaint, *see, e.g.*, *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); whether the complaint was clear enough to enable the defendant to

know how to defend himself, *see, e.g.*, *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel *see, e.g.*, *Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989).

Here, Plaintiff was provided with an opportunity to amend his complaint, instructed to provide facts from which his claim might be discerned and to name particular parties who he believed to be responsible for the alleged wrongdoing.  He was additionally forewarned that if he did not comply with the directives of the Order his complaint would be subject to dismissal.  While Defendants have provided this Court with a comprehensive set of exhibits[1] depicting the medical care provided to Plaintiff, they also indicate they are uncertain who Plaintiff intended to name as Defendants because he did not provide their full names, nor did he describe what they did or did not do to warrant a judgment against them.  ECF 16-2 at 10.

A separate Order follows.

11/19/2021
_____
Date

_____
GEORGE J. HAZEL
United States District Judge

---

[1] The exhibits appear to be a copy of Plaintiff's entire medical record which is further evidence that the complaint does not specify the basis for Plaintiff's claims.